**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 95-50414
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS ALLEN PRITCHETT,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
_____

(88-CR-87-3)
February 23, 1996

Before GARWOOD, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellant, Morris Allen Pritchett ("Pritchett"), appeals
the district court's denial of his motion to modify his sentence
under 18 U.S.C. § 3582(C.)(2).

In 1989, Pritchett pleaded guilty to conspiring to distribute
methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.
Pursuant to U.S.S.G. § 2D1.1, Pritchett was sentenced to 180 months
confinement and a 60-month supervised release term.  We affirmed

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

his sentence in *United States v. Pritchett*, No. 89-1780 (Dec. 17, 1990) (per curiam).

In 1994, Pritchett filed his pro se motion under 18 U.S.C. § 3582(c)(2), arguing that his sentence should be modified in light of the retroactive amendments to U.S.S.G. § 2D1.1. The district court denied his motion, concluding that the amended guidelines were inapplicable to Pritchett's sentence. Alternatively, the court denied Pritchett relief after considering that his relevant conduct in his overall participation in the manufacturing conspiracy would have justified a higher sentence than he originally received.

## DISCUSSION

Section 3582(c)(2) authorizes a district court to reduce a sentence when the guideline range applicable to the defendant has been lowered by a retroactive amendment. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(2) (1990). The Sentencing Commission gave Amendment 484 retroactive effect. *Shaw*, 30 F.3d 168 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.10(d), p.s. (Nov. 1993).

The decision to reduce a sentence is discretionary; therefore, we review the district court's determination for abuse of discretion. *United States v. Townsend,* 55 F.3d 168 (5th Cir.

2

1995).  We review the district court's factual findings for clear error.  *United States v. Mimms*, 43 F.3d 217, 220 (5th Cir. 1995).

In 1993, the Sentencing Guidelines Commission amended U.S.S.G. § 2D1.1, clarifying what materials must be excluded from controlled substances in calculating the weight at sentencing.  Specifically, the commentary to Section 2D1.1 was amended to provide:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used.  Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance.  If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted.

U.S.S.G. App. C., Amendment 484 (1993).

The district court rejected Pritchett's argument that his sentence should be reduced under Amendment 484 because wastewater was used in calculating his base offense level:

> Although there is no indication of the purity of the drugs involved, there is additionally nothing to indicate that the substances seized during the various searches arising out of this case were merely wastewater.

District Court Order at 1.  The district court erred in concluding that, because the substance at issue was not "merely wastewater," Pritchett's sentence could not be reduced.  Under the amended guideline, only the actual weight of the controlled substance is applied in calculating the base offense level, not the aggregate weight of any mixture as required by the section in effect at the time of Pritchett's sentencing.  The lab report identified the liquid tested as "containing" phenylacetone, a controlled

3

substance. No evidence before the court supported an inference that the tested substance was usable phenylacetone. Amendment 484 specifically provides that a court may use any "reasonable method to approximate" the applicable weight. Here, the court relied on a test conducted in November 1988, when purity of the substance was irrelevant, since any amount of liquid seized was applicable to the calculation of the base offense level prior to the 1993 amendments to Section 2D1.1. Thus, nothing in the lab reports indicates the ratio of controlled substance to wastewater or precursor chemicals. The court erred in relying on test results which give no indication of the percentage of purity.

The district court properly denied Pritchett's motion in its alternative holding, however. Pritchett's overall conduct in the manufacturing conspiracy was sufficient grounds to deny a motion under 3582(c)(2). *Townsend*, 55 F.3d at 171. In addition, the district court was authorized to consider the factors in 18 U.S.C. § 3553(a).

In its order, the district court cited the factors set forth in Section 3553 and concluded:

> The defendant was a part of a very large conspiracy involving a number of Defendants and a large amount of methamphetamine. One of Defendant's co-defendants, Doug Smith, testified at co-defendant Roy Leach's trial that as part of the conspiracy, he had manufactured approximately 20 pounds of methamphetamine and 96 to 100 pounds of phenylacetone. Transcript, pp. 308 and 368. Were the court to consider these amounts, Defendant's sentence would be even higher. The Court, therefore, declines to exercise its discretion to lower Defendant's sentence.

District Court Order at 3.

4

Pritchett's argument that the court could not consider evidence from the Leach trial is meritless. A court may consider testimony from other proceedings. *Townsend*, 55 F.3d at 172. The evidence considered by the district court was contained in the original presentence report, so no notice issue is raised. *Townsend*, 55 F.3d at 172. The possibility of a higher sentence and the nature of the offense both justify the court's decision. Pritchett's other factual contentions have already been considered and disposed of by this court on his direct appeal.

Accordingly, the district court's denial of Pritchett's Section 3582(c)(2) motion is AFFIRMED.